STATE OF MISSOURI ex rel. BARKER, Atty. Gen., v. CHICAGO & A. R. CO. SAME v. KANSAS CITY SOUTHERN RY. CO. SAME v. CHICAGO, M. & ST. P. RY. CO.

(District Court, W. D. Missouri, W. D.)

Nos. 4181, 4188, 4190.

1. COURTS (§ 282*)—FEDERAL COURTS—JURISDICTION—FEDERAL QUESTION.

Where pending litigation to determine the validity of the Missouri maximum freight rate law (Laws 1905, p. 102, as amended by Laws 1907, p. 171) and the Missouri two-cent passenger rate law (Laws 1907, p. 170), defendant railroad companies continued to charge the pre-existing higher rates, and after the laws had been sustained by the United States Supreme Court the state instituted suits against the railroad companies to recover the excess freight rates so charged during the interim for the benefit of the shippers who had been overcharged, such suits did not involve a federal question, so as to confer federal jurisdiction, on the theory that because the suits were based on the statute there was necessarily a claim involved that such statutes are not violative of the federal Constitution.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 820–824; Dec. Dig. § 282.*]

2. REMOVAL OF CAUSES (§§ 32, 52*)—GROUNDS—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSY.

Where, after the sustaining of the Missouri maximum freight rate law (Laws 1905, p. 102, as amended by Laws 1907, p. 171) and the two-cent passenger rate law (Laws 1907, p. 170) by the United States Supreme Court, the state in its sovereign capacity instituted suits against certain railroad companies to recover overcharges by the maintenance of the pre-existing rates in the interim, for the benefit of shippers who had been overcharged, there was no such diversity of citizenship or separable con-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

troversy as justified a removal of the actions to the federal court, especially under a petition failing to name the parties for whom the action was brought, or to show their diverse citizenship, or that their claims were of the jurisdictional amount.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 75, 102, 103, 105; Dec. Dig. §§ 32, 52.*]

3. REMOVAL OF CAUSES (§ 49*)—SEPARABLE CONTROVERSY—FRAUD.

Where a plaintiff elects to declare a cause of action sued on to be joint, defendant cannot compel plaintiff to make it separable in order to confer federal jurisdiction, unless there has been fraud in the joinder in order to defeat federal jurisdiction or confer unwarranted jurisdiction on that court.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–99; Dec. Dig. § 49.*]

Actions by the State of Missouri, on the relation of John T. Barker, her Attorney General, against the Chicago & Alton Railroad Company, against the Kansas City Southern Railway Company, and against the Chicago, Milwaukee & St. Paul Railway Company. On pleas to the jurisdiction, and motions to remand to the state court. Sustained, and causes remanded.

John T. Barker, Atty. Gen., of Jefferson City, Mo., William M. Fitch, Asst. Atty. Gen., of Jefferson City, Mo., and James P. Gilmore, of Tulsa, Okl., for relator.

Scarritt, Scarritt, Jones & Miller, of Kansas City, Mo., for defendant Chicago & A. R. Co.

Lathrop, Morrow, Fox & Moore, of Kansas City, Mo., for defendant Kansas City Southern Ry. Co.

Fred S. Hudson, of Chillicothe, Mo., for defendant Chicago, M. & St. P. Ry. Co.

VAN VALKENBURGH, District Judge. In 1905 the Legislature of the state of Missouri passed an act known as the "Maximum Freight Rate Law" (Laws 1905, p. 102), and in 1907 amended said act (Laws 1907, p. 171) and passed what is commonly known as the "Two-Cent Passenger Rate Law" (Laws 1907, p. 170); said laws providing for a reduced freight and passenger rate, respectively, in the state of Missouri. The defendant railroads sued out writs of injunction enjoining the operation and enforcement of these laws, which injunctions were made permanent by decree on final hearing. Meantime the railroads continued to charge and receive the rate exacted before the passage of said laws. Upon appeals to the Supreme Court of the United States, that court ordered the injunctions dissolved and the bills dismissed without prejudice, holding upon the record that said rate laws were valid and in effect. The state, at the relation of the Attorney General, brings suits to recover the excess charged and paid while the injunctions were in force. The defendant railroads have removed the cases to this court, and plaintiff has filed pleas to the jurisdiction and motions to remand.

In No. 4188 the Kansas City Southern Railway Company is a Missouri corporation, and the removal is based solely upon the al-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

leged existence of a federal question. In the other two cases, in addition to this point, defendants rely upon diversity of citizenship and separable controversies. The briefs of the immediate parties have been reinforced, on behalf of defendants, by that of the Atchison, Topeka & Santa Fé Railway Company, which is interested in a similar controversy arising in the Eastern judicial district of this state.

[1] The briefs have been read and attentively considered. I am clearly of opinion that no federal question is involved. The suits are not brought on the bond, nor for any damage accruing from the injunction as such. They seek merely to recover alleged overpayments of rates and charges made under practical duress, and in violation of the terms of what has now been adjudged to be valid state regulation. Litigation of the same or similar questions, or of rights growing out of adjudications in federal courts, is not confined to federal jurisdictions. In this connection it has been suggested that "pleading by plaintiff of the maximum rate statutes of Missouri and his reliance thereon is a claim of the validity of said statutes, and the pleading thereof invokes the sanction of the fifth and fourteenth amendments of the Constitution of the United States," and that consequently there inheres in the pleading, by necessary implication, claim of the validity of the statute; that this means that said pleaded statutes do not deprive one of his or its property without due process of law, and hence do not violate, but on the contrary invoke the sanction and protection of, the fifth and fourteenth amendments to the Constitution of the United States. If this be true, any suit founded upon a state statute necessarily involves a federal question by implication, and all such litigation would be automatically, upon suggestion, transferred from state to federal jurisdictions. The statement of such a necessarily far-reaching result reveals the infirmity of this contention.

[2] Nor do I think that either diversity of citizenship or separable controversy, within the purview of the removal statute, is disclosed. We must take the case as made by plaintiff in its pleading; but one party plaintiff is named, and there can be no question, under the decisions, that that is the state of Missouri, and not the Attorney General. The statute authorizes the Attorney General to prosecute actions on behalf of the state. This pleading is in the usual form for that purpose; a form which has by analogy received the approval of the Supreme Court of the United States. The petition claims and seeks to recover for the state a large sum of money alleged to have been paid out for excess charges; so that the state appears as a real and substantial party to the controversy. In addition to this, a recovery is sought for the benefit of any shipper who desires to come in and avail himself of the recovery. If the state has the right to recover for the shippers in this way, it is no less the sole party to the suit, whether as trustee or otherwise; and in neither capacity does diversity of citizenship exist. Furthermore, no parties are named as plaintiffs, and no such shippers become parties until they present their claims. Consequently, as the case now stands, for ju-

risdictional purposes, there is but one party plaintiff, and that is the state of Missouri. But even though we concede the contention that other parties are contemplated, and may be treated as existing, they are nowhere named. The petition for removal does not name them, nor their residence, nor show that their claims are above the jurisdictional amount. Therefore no such a case of diversity of citizenship as would confer jurisdiction upon this court is disclosed, and the plea must fail on this ground.

[3] Again, if it be conceded that such parties are, in effect, before the court, and that the controversies between them and the defendants would ordinarily be separable, nevertheless the removal statute contemplates separable controversies in case of two or more defendants. Where parties having separable interests voluntarily join as plaintiffs, the case is not otherwise than it would be if they were compelled to unite. They may exercise their election to declare the cause of action joint; and while the joinder may be defeated in a trial of the cause, the misjoinder, if it be one, cannot confer the right of removal. Such seems to be the universal holding. The Supreme Court has repeatedly announced that, from the standpoint of removal, a defendant cannot compel a plaintiff to make separate a cause of action which he has elected to declare as joint, unless there has been fraud in the joinder in order to defeat the jurisdiction of the federal court, or to confer unwarranted jurisdiction upon that court. In this case no fraud is alleged nor specifically set out, as required. On the face of things no fraud can be inferred. By joining resident shippers as plaintiffs, it could not have been intended to defeat the jurisdiction of the federal court, because that is the only act that could possibly confer that jurisdiction, the state itself being immune. On the other hand, the state has not sought to confer jurisdiction upon this court by fraudulent means, for it is expressly denying the jurisdiction of this court. So that no question of fraud is presented.

It may be that the court to which such objections are properly addressed will decide that any such joinder is improper, that the state cannot recover for the individual shippers, and that no recovery can be had except upon the injunction bond; but these are considerations that concern the merits, and not the question of removability. Such matters not being present for determination, I express no opinion whatever concerning them.

It follows that the pleas and motions must be sustained, and the cases remanded to their several state jurisdictions. It is so ordered.