STATE OF IDAHO, to Use of LEONARD et al., v. AMERICAN SURETY CO. OF NEW YORK.

(District Court, D. Idaho, S. D.   October 2, 1914.)

1. REMOVAL OF CAUSES (§ 107*)—PROCEEDINGS FOR REMAND—SUFFICIENCY OF MOTION.

A motion to remand a cause to the state court, from which it has been removed, will not be denied merely because it does not specifically state the grounds thereof, where it raises the question of the federal court's jurisdiction, and clearly signifies the unwillingness of the moving party to submit thereto.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 178, 225–232, 234; Dec. Dig. § 107.*]

2. REMOVAL OF CAUSES (§ 103*)—PROCEEDINGS FOR REMOVAL—PETITION.

Where, though a petition for the removal of a cause to the federal court was apparently not drawn on the theory that a separable controversy existed between defendant and one of the plaintiffs, it prayed that the whole suit be removed, and from the petition and the complaint together a separable controversy clearly appeared, the failure of the petition to clearly outline the nature of the separable controversy, state the value of the matter therein in dispute, and the names of the parties, as would have been the better practice, was not sufficient ground for remanding the cause.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 221; Dec. Dig. § 103.*]

3. REMOVAL OF CAUSES (§ 48*)—SEPARABLE CONTROVERSIES—SEPARATE INTERESTS OR PLANS.

The state, on behalf of the depositors in an insolvent state bank, sued the surety on the bond of its former state bank commissioner, alleging that he had neglected his duties, to the injury of the depositors. The complaint in each cause of action sought to recover the amount of the claim of a particular depositor, and not a distributive portion of the penalty of the bond. H., one of the claimants, was a nonresident of the state. All the other claimants were residents, but none of their claims, except that of L., amounted to $3,000. The surety was a New York corporation. Held, that there was a separable controversy between defendant and L., entitling defendant to a removal to a federal court because of diverse citizenship, though the aggregate of the claims exceeded the penalty of the bond, as the right to a removal is governed by the case as stated in the complaint, which did not show that the case involved priorities or joint interests in a specific fund.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 93, 94; Dec. Dig. § 48.*]

4. REMOVAL OF CAUSES (§ 102*) — SEPARABLE CONTROVERSIES — REMOVAL OF WHOLE SUIT.

· Notwithstanding the general rule that the removal of a separable controversy carries with it the entire suit, the causes of action other than

that in favor of L. would be remanded to the state court, as H., a nonresident of the district, could not be required to submit her claim, alleged to be entirely separate and distinct from that of the other claimants, to the federal court of such district, nor could the court, even by consent, take jurisdiction of the separate and distinct claims for less than $3,000.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 218–220, 223, 224; Dec. Dig. § 102.*]

At Law. Action by the State of Idaho, for the use and benefit of William Leonard and others, against the American Surety Company of New York. On motion to remand to the state court. Motion granted in part, and denied in part.

Edwin Snow, of Boise, Idaho, and J. G. Hedrick, of Hailey, Idaho, for plaintiffs.

Richards & Haga and McKeen F. Morrow, all of Boise, Idaho, for defendant.

DIETRICH, District Judge. William Leonard and 15 others, named in the complaint, were depositors in the Idaho State Bank at Hailey, which on August 31, 1910, closed its doors and permanently suspended payment on account of insolvency. At that date and for some time prior thereto one William G. Cruse was state bank commissioner, whose duty it was to inspect the affairs of this and other state banks. Upon his appointment in March, 1909, he had executed a bond to the state of Idaho in the penal sum of $50,000, conditioned upon the faithful discharge of his duties, with the defendant as surety thereon. In the complaint it is alleged that Cruse neglected his duties in certain specified particulars, to the injury of the depositors; and it is claimed that under the statutes of Idaho the bond, while running to the state, is for the use and benefit of any one injured through the misconduct or negligence of the commissioner, and that suit may be maintained in the name of the state for the use of any one who may have suffered damage.

In the complaint the state is named as plaintiff, but it is expressly averred that it has no real interest, and that the suit is brought for the use of the 16 persons named as depositors. As between these several depositors it is not shown that there is any community of interest, their claims all being waged in the same action to save the expense of numerous suits, and for no other reason. All of the beneficiaries are resident citizens of Idaho, with the exception of Annie I. Harris, who resides in California. Her claim is for $46,672.74, and that of the claimant William Leonard is for $9,656.93. No one of the other claims reaches $3,000.

The defendant is a corporation organized under the laws of New York, and has brought the record here from the state court, where the action was commenced, by a petition for removal, upon the ground of diversity of citizenship between it and the claimants. The plaintiff moves to remand.

By both sides it seems to be conceded that the case falls within the rule that, whenever the state is a mere figurehead or a nominal party

in a suit upon a bond, its presence will be disregarded, and only the citizenship of the beneficiaries or real parties in interest will be taken into consideration in determining whether the requisite diversity of citizenship exists. City of New Orleans v. Whitney, 138 U. S. 595, 11 Sup. Ct. 428, 34 L. Ed. 1102. The precise point urged by the plaintiff is that, neither the defendant nor the claimant Annie I. Harris being a resident of this district, the cause cannot be removed here over her objection, under the rule of In re Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, and In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164.

[1] Preliminarily it is objected by the defendant that the motion to remand does not state the grounds upon which counsel for the plaintiff now actually rely. True, such grounds are not specifically stated, but the motion does raise the question of our jurisdiction, and clearly signifies the unwillingness of the plaintiff to submit thereto any of the causes of action pleaded. Certainly it cannot be said that there has been a waiver by Annie I. Harris of the objection that the removal is not to the district of her residence or that of the defendant, and though the objection is not specifically stated in the motion, she now distinctly urges it.

[2] If I understand correctly the defendant's position, it now seeks to sustain federal jurisdiction upon the ground alone that between it and the claimant, William Leonard, a resident of Idaho, there exists the requisite diversity of citizenship, and that he asserts a claim in his own right in excess of the amount required to confer jurisdiction, and that the claim is of such a character as to constitute a "separable controversy." From the form of the petition it is to be inferred that probably this was not the theory entertained by counsel when the petition was drawn, and upon behalf of the plaintiff it is now objected that, it not appearing from the petition itself that removal is sought upon such ground, the existence of a separable controversy cannot be made the basis for retaining jurisdiction. But the prayer of the petition is that the whole suit be removed, and, taking both the petition and the complaint together, it clearly appears that there is involved in the suit a controversy between William Leonard and the defendant of the value of over $9,000. While it is doubtless better practice for the petition itself clearly to outline the nature of the separable controversy and to state the value of the matter therein in dispute, and the names of the parties thereto, where such facts clearly appear upon the face of the complaint, the failure of the petition to restate them will not be deemed to be a sufficient ground for remanding the cause. In the one decided case cited by the plaintiff as a precedent for the view which it urges, Gates Iron Works v. James E. Pepper & Co. (C. C.) 98 Fed. 449, it did not appear anywhere in the record what was the value of the matter involved in what was claimed to be the separable controversy.

[3, 4] The only real question, therefore, is whether the controversy between the plaintiff, acting on behalf of William Leonard, and the defendant, as the same is set forth in what is called the first cause of action, constitutes a separable controversy. In form the action is one at

law, in which the plaintiff seeks to recover 16 separate judgments for 16 individual depositors in a bank, having no relation to each other, and no one having any interest in the recovery of any other. Ordinarily there could be no question that such controversies are all separable one from the other. Upon behalf of the plaintiff, however, it is contended that inasmuch as the aggregate of these 15 several claims is apparently in excess of the penalty of the undertaking, upon which the action is brought, necessarily the relief to be granted to one of the plaintiffs will be somewhat dependent upon the relief granted to the others. The rule relied upon is that a suit which involves priorities or joint interests in a specific fund presents no separable controversy. Fidelity Insurance v. Huntington, 117 U. S. 280, 6 Sup. Ct. 733, 29 L. Ed. 898.

Such may be the principle upon which the controversy will ultimately be adjudicated, but the difficulty about it is that such is not the theory upon which the complaint is drawn. As the pleading now stands, the defendant is compelled to resist claims for money judgments greatly exceeding $50,000. Leonard prays, not for a distributive portion of $50,000, but for a personal judgment against the defendant in the sum of $9,656.93, together with interest thereon at the rate of 7 per cent. per annum from September 1, 1910. And it is elementary that we must be governed by the plaintiff's case as it is set forth in the complaint. In this view it is thought the claim must be held to constitute a separate and distinct cause of action, and a controversy entirely separable from the other causes of action. The removal was therefore proper, in so far as concerns this one cause of action. But by a parity of reasoning it is thought that all other causes must be remanded. I am not unmindful of the general rule that the removal of a separable controversy carries with it the entire suit; but the conditions here are unique, and there seems to be no other way of giving effect to the removal statutes according to their spirit and intent. The joinder in one suit by means alone of a nominal plaintiff of 16 different causes of action in favor of 16 different plaintiffs, with no joint or community interest, is unusual, and upon the one hand we cannot permit the resort to such practice to operate to cut off the defendant's right to have a controversy between it and a resident of the state litigated in the federal court, and upon the other it cannot be regarded as a warrant to this court to exercise jurisdiction beyond that which the statutes confer.

We cannot compel Annie I. Harris, a nonresident, to submit to an adjudication here of a claim which she alleges is entirely separate and distinct from that of each of the other claimants, and we cannot take jurisdiction, even by consent, of a separate and distinct claim of less than $3,000 in value, belonging to one depositor, because we have jurisdiction of the claim of another depositor in excess of that amount. It is hardly necessary to add that if the plaintiff had, in a single cause of action, set forth the facts substantially as they appear in the 16 different causes of action, and had prayed only for a decree adjudging that, by reason of such facts, the defendant was indebted to the plaintiff, for the use and benefit of the several claimants, in the sum of $50,000, and further that the decree apportion the amount of the recovery

to the several claimants as their rights and interests should ultimately appear, the questions discussed would present a different phase.

In harmony with the foregoing views, an order will be entered remanding all causes of action except the first, and as to that the motion will be denied.