### McCABE et al. v. GUARANTY TRUST CO. OF NEW YORK.

(Circuit Court of Appeals, Second Circuit.   May 31, 1917.)

#### No. 201.

1. Courts ⚖➣324—Federal Courts—Objection to Jurisdiction—Ancillary Proceedings.

   Whether an action was properly removed from a state to a federal court on the ground of diversity of citizenship cannot be determined in an ancillary suit to restrain further proceedings in the state court, as a court's jurisdiction of the principal suit cannot be questioned in an ancillary proceeding or suit.

2. Courts ⚖➣264(1)—Federal Courts—Jurisdiction—Ancillary Suits.

   Neither the citizenship of the parties nor any other factor that would ordinarily determine jurisdiction has any bearing on the right of the court to entertain jurisdiction of a suit ancillary to a pending suit.

3. Removal of Causes ⚖➣97—Enjoining Proceedings in State Court.

   The statute forbidding federal courts to enjoin proceedings in state courts, except as authorized by laws relating to bankruptcy proceedings, has no application to cases where it is necessary for a United States court to protect its own jurisdiction by injunction; and if a cause is properly removed from the state to a federal court, the federal court may, when necessary, enjoin the party against whom the cause has been removed from any further steps in the state court.

⚖➣For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. REMOVAL OF CAUSES ☜97—ENJOINING PROCEEDINGS IN STATE COURT.
The defendants in an action in a state court filed a petition for removal to the federal court, and filed a certified copy of the record in the federal court, and on the same day filed a bill for an injunction enjoining the plaintiff in the original action from proceeding in the state court. The plaintiff in the original action filed an answer denying the right to remove, and admitted that, if the state court decided that the cause was not removable, it intended to proceed in that court. Subsequently, and before the decree in the ancillary suit, the state court granted the motion to remove. *Held* that, as plaintiff's intention to proceed in the state court was conditioned solely upon the contingency that such court should deny the motion to remove, the injunction was properly denied without prejudice, as in equity the decree is to be shaped as the rights of the parties exist at the time of the decree.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by W. Gordon McCabe, Jr., and another, against the Guaranty Trust Company of New York, as substituted trustee of Stephen H. P. Pell and others, individually, and as partners doing business as S. H. P. Pell & Co. From a decree dismissing the bill without prejudice, plaintiffs appeal. Affirmed.

The plaintiffs are citizens of the state of South Carolina, where they are engaged as partners in the cotton business. The plaintiff McCabe is the owner of a seat in the New York Cotton Exchange, which is a membership corporation organized and existing under the laws of the state of New York, and his membership therein is of considerable pecuniary value. The Guaranty Trust Company is a corporation organized and existing under the laws of the state of New York, and has its principal place of business in the Southern district of New York.

On June 14, 1916, the Guaranty Trust Company began an action in the Supreme Court of the State of New York in New York county against the plaintiffs, asking for judgment in the sum of $133,328.34, with interest. On the same day a warrant of attachment was issued against the defendants in the action and was levied by the sheriff upon certain of their property, including the seat in the New York Cotton Exchange. The summons was never personally served upon defendants in the state action, but an order was made directing service of summons by publication.

The defendants in that action on August 21, 1916, appeared specially and filed a petition in the usual form for the removal of the action into the District Court of the United States for the Southern District of New York, alleging that the controversy in said action exceeded the sum of $3,000 and was wholly between citizens of different states. The usual bond was filed with the petition. On September 11, 1916, the defendants filed in the United States District Court for the Southern District of New York a duly certified copy of the entire record in the action.

Thereafter, and on the same day, September 11, 1916, they filed their bill of complaint herein, in which they prayed an injunction perpetually enjoining the Guaranty Trust Company from in any way proceeding in the action at law in the Supreme Court of New York in which it is plaintiff and the plaintiffs herein are defendants, which action it alleged had been duly removed into the United States District Court for the Southern District of New York. On September 12, 1916, Mr. Justice Mullan of the Supreme Court of New York granted the motion for the removal of the action to the District Court for the Southern District of New York.

On October 2, 1916, the District Judge filed an opinion in the action at law, in which he said that "the real question here arises on the remand," but "I see no ground for remand, and the motion to remand is denied." He also declined in the ancillary suit to issue the preliminary injunction, on the

ground that, as the New York court had granted the motion to remove, this swept "away the whole ground on which the bill in equity rests." On October 6, 1916, a final decree was entered, dismissing the bill of complaint without prejudice. From that decree the plaintiffs appeal.

Miller & Auchincloss, of New York City (David Hunter Miller and Frank L. Warrin, Jr.; both of New York City, of counsel), for appellants.

Myers & Goldsmith, of New York City (Emanuel J. Myers and Gordon S. P. Kleeberg, both of New York City, of counsel), for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). This suit is ancillary in its nature, and is brought by two citizens of the state of South Carolina against a New York corporation residing in the Southern District of New York, and an injunction is asked to restrain the defendant from proceeding in an action which was commenced by it in the Supreme Court of New York county, and which is alleged to have been removed by the plaintiffs herein, being the defendants in the action removed. The District Judge has refused to remand the original action, and holds it to have been properly removed; and he has refused the injunction for reasons which will be referred to hereinafter.

The defendant in this suit in its answer denies that this court has the power or jurisdiction to entertain and take jurisdiction of the original action, and denies that that action is legally removed or can be removed. It also avers "that this court is without power and jurisdiction to entertain and take jurisdiction of this action as ancillary to the aforesaid action, because this court could not take jurisdiction of and proceed with or take any steps in the original action in the state court if removed to this court, and would be required to remand such action or to dismiss the same from its further consideration."

[1] The question whether the action was properly removed from the state court was raised in the District Court on a motion to remand, and that court decided that the case was legally removed, and overruled the motion to remand. Whether the refusal to remand was error is not before this court in the present suit. The way to correct that error, if error was committed, is not by means of an averment in an answer filed in an ancillary suit. The Guaranty Trust Company denies that the original action was properly removed. In other words, it denies the jurisdiction of the District Court over a suit which is removed solely on the ground of diverse citizenship, where the assignees do not all live in the same district. The question whether jurisdiction exists under such circumstances is a most important one, upon which, unfortunately, the judges in the Southern district hold contradictory views. In the original suit now under discussion the District Judge thought he had jurisdiction, and, as we have seen, refused to remand. In Doherty v. Smith (D. C.) 233 Fed. 132 (1915). Judge Learned Hand felt constrained to hold the reverse, not feeling himself sufficiently assured whether Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, was intended to be overruled by the

cases of In Matter of Tobin, 214 U. S. 506, 29 Sup. Ct. 702, 53 L. Ed. 1061 (1906), and of In the Matter of Athanasi Nicola, 218 U. S. 668, 31 Sup. Ct. 228, 54 L. Ed. 1203. While appreciating all this fully, we are prevented from expressing our views upon the subject at this time; for the law is that the jurisdiction of the court as regards the principal suit cannot be questioned in an ancillary proceeding or suit. Johnson v. Christian, 125 U. S. 642, 8 Sup. Ct. 989, 1135, 31 L. Ed. 820 (1888); New Orleans v. Fisher, 180 U. S. 185, 21 Sup. Ct. 347, 45 L. Ed. 485 (1901).

[2] Again, the jurisdiction of the court over this ancillary suit is denied on the ground that the right which the Guaranty Trust Company asserts is the right of an assignee, and that, as two of the assignors live in the Southern district of New York and one in the Eastern district, the suit cannot be maintained, as the assignors are not residents of the same district and consent is not given to be sued in a district in which all the assignors do not reside. Root v. Woolworth, 150 U. S. 401, 413, 14 Sup. Ct. 136, 37 L. Ed. 1123 (1893); Pacific Railroad v. Missouri Pacific Railway, 111 U. S. 505, 522, 4 Sup. Ct. 583, 28 L. Ed. 498 (1884); Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27, 28 L. Ed. 145. This court is, however, not only compelled to decline to consider at this time the question of jurisdiction as respects the original suit, but is also precluded from questioning the right of the complainants to file the ancillary suit against defendants who do not all reside in the same district. We can only consider the question of jurisdiction of the ancillary suit so far as to ascertain whether the ancillary character of the suit is made to appear by the allegations of the bill. The rule is that neither the citizenship of the parties nor any other factor that would ordinarily determine jurisdiction has any bearing on the right of the court to entertain jurisdiction of an ancillary suit. There seems to be one exception to the rule as above stated, but the circumstances of this case do not bring it within the exception. See Street on Federal Equity Practice, §§ 1229 and 1230.

[3] This brings us to inquire whether the injunction which the plaintiffs in the ancillary suit are seeking was properly refused. The United States courts are forbidden by act of Congress to enjoin proceedings in state courts, except as authorized by laws relating to proceedings in bankruptcy; but the prohibition referred to has no application to cases where it is necessary by injunction for a United States court to protect its own jurisdiction. So that, if a cause is properly removed from a state to a federal court, the latter may, when it is necessary to do so, issue an injunction to restrain further proceedings in the state court, if such court should persist in proceeding. This it does by restraining the party against whom a cause has been legally removed from any further steps in the state court. Madisonville Traction Company v. St. Bernard Mining Company, 196 U. S. 239, 245, 25 Sup. Ct. 251, 49 L. Ed. 462 (1905); Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U. S. 146, 154, 34 Sup. Ct. 278, 58 L. Ed. 544 (1914). In the instant case the bill states:

"On information and belief, that the defendant herein the plaintiff in said action, notwithstanding the removal thereof to the District Court of the

United States for the Southern District of New York, purposes and intends to proceed in said action in the Supreme Court of New York, and in said court to take further steps in said action and to enter judgment there," etc.

[4] The answer was filed while the Supreme Court had under con-sideration the motion to remove the cause, and it denied the right of removal and admitted that, if the Supreme Court decided that the cause was not removable, it intended to proceed in the state court, according to the law of that state and procedure of its courts, but denied each and every other allegation as to its intentions. Before the decree in the District Court, Mr. Justice Mullan, of the Supreme Court of New York, granted the motion to remove the cause. The state of facts existing at the time the decree is entered, and not the facts existing at the time the bill is filed, determine the rights of the parties. It is true that the right to judgment in an action at law depends upon the facts as they exist when the action is commenced; but in equity a different rule governs, and is, as already stated, that the decree in equity is to be shaped as the rights of the parties exist at the time of the decree. This principle was recognized by the Supreme Court of the United States in Randel v. Brown, 2 How. 406, 423, 11 L. Ed. 318 (1844). The courts of New York have recognized it in like manner. Gay v. Gay, 10 Paige Ch. (N. Y.) 369 (1843); Peck v. Goodberlett, 109 N. Y. 180, 189, 16 N. E. 350 (1888); Sherman v. Foster, 158 N. Y. 587, 593, 53 N. E. 504 (1899).

It appearing at the time of the decree that the intention to proceed in the New York court was conditioned solely upon the fact that the New York court should decide to refuse to grant the motion to remove, and as that court did not so decide, but granted the motion to remove the cause, we think the District Court was right in refusing the injunction and in dismissing the bill without prejudice. If any attempt to proceed in the state court contrary to the statements contained in the answer should hereafter be made, the plaintiffs herein are at liberty to renew their application.

Decree affirmed.