### YOUNG et al. v. SOUTHERN PAC. CO.

(Circuit Court of Appeals, Second Circuit.
November 1, 1926.)

#### No. 173.

1. **Removal of causes ⊚⟹107(9)—Injunction order restraining prosecution of case in state court after removal to federal court held appealable (Judicial Code, §§ 28, 128, 129 [Comp. St. §§ 1010, 1120, 1121]).**

Under Judicial Code, § 129 (Comp. St. § 1121), and notwithstanding sections 28, 128 (Comp. St. §§ 1010, 1120), injunction order restraining prosecution of case in state court after removal to federal court, in which no motion to remand was made, is appealable.

2. **Removal of causes ⊚⟹52—Suit by sixteen plaintiffs against one defendant, setting forth sixteen causes of action, and seeking different relief, held to present separable controversies (Civil Practice Act N. Y. § 209; Judicial Code, § 28 [U. S. Comp. St. § 1010]).**

Where sixteen plaintiffs sued one defendant in state court in one complaint, under Civil Practice Act N. Y. § 209, setting forth sixteen causes of action asking for judgments in favor of different plaintiffs and for different quantum of relief, held, notwithstanding some facts were common to all causes, controversies were separable, within Judicial Code, § 28 (U. S. Comp. St. § 1010), relating to right of removal for diversity of citizenship.

3. **Removal of causes ⊚⟹3—State Legislature cannot, by authorizing single action on separate causes of action, deprive defendant of right of removal as to severable actions.**

State, by permitting separate causes of action belonging to different parties of diverse citizenship to be united in one complaint, cannot limit or destroy defendant's right of removal of severable controversies so joined.

4. **Removal of causes ⊚⟹52.**

Under Judicial Code, § 28 (Comp. St. § 1010), severable controversy removable to federal court may exist in action between one or more plaintiffs and single defendant.

5. **Removal of causes ⊚⟹16.**

Right of removal of cause to federal court is substantial.

6. **Courts ⊚⟹508(8)—Granting preliminary injunction restraining prosecution of action in state court after removal to federal court held proper exercise of discretion (Civil Practice Act N. Y. § 209).**

Where sixteen plaintiffs sued in state court in one complaint under Civil Practice Act N. Y. § 209, setting forth sixteen causes of action, held, that granting of preliminary injunction restraining plaintiffs from prosecuting action in state court after removal to federal court was proper exercise of discretion.

Appeal from the District Court of the United States for the Southern District of New York.

Action by Mary S. Young, as executrix, and others, against the Southern Pacific Company. From an order enjoining plaintiffs from prosecuting any further proceeding, or taking any steps in the Supreme Court of the state of New York after removal to federal court, plaintiffs appeal. Affirmed.

Appeal from an order entered in the District Court for the Southern District of New York enjoining the plaintiffs appellants "from prosecuting any further proceeding or taking any steps in the Supreme Court of the state of New York, county of New York," in this suit, which is recited in the order to have been "duly removed to" the court below.

This case is another step in the ancient quarrel, now best known as Southern Pacific Co. v. Bogert, 250 U. S. 483, 39 S. Ct. 533, 63 L. Ed. 1099, and for an historical summary of 30 years of litigation see page 489 (39 S. Ct. 533).

Since the date of the decision cited the matter has come up again as Bogart v. Southern Pacific Co. (C. C. A.) 290 F. 727, and these plaintiffs appellants all belong to the class of attempting intervenors, whose rights were passed upon at page 731 of the case last cited. Most of the appellants are the same persons or their personal representatives who in that litigation attempted intervention.

Two years after the decision in 290 F. 727, and in March, 1926, some 16 different parties, each of whom conceived that, if he had begun earlier, he might have brought such an action as Bogart v. Southern Pacific, united in beginning suit in the Supreme Court of the state of New York. Each of the plaintiffs had his own separate demand against Southern Pacific; each wanted a certain amount of the same stock that for so many years had been the bone of contention between the Southern Pacific and the persons represented by Bogart.

Section 209 of the Civil Practice Act of New York provides:

"All persons may be joined in one action as plaintiffs in whom any right to relief (in respect of or arising out of the same transaction or series of transactions) is alleged to exist whether jointly, severally or in the alternative (where if such persons brought separate actions any common question of law or fact would arise: Provided that if upon the application of any party it shall appear that such joinder may embarrass or delay the trial of the action, the court may order separate trials or make such other order as may be expedient), and judgment may be given for such one or more of the plaintiffs as may be found to be entitled to relief, for the relief to which he or they may be entitled."

The complaint sets forth 16 different causes of action, each cause belonging to one plaintiff or set of plaintiffs, and each cause of action asks for a judgment in favor of a different person and for a different quantum of relief than does any other cause of action. But some of the facts, to wit, those litigated in the Bogart Case, are common to all the causes of action.

It appeared that all these plaintiffs except two were citizens of states other than Kentucky, which is the state of defendant's incorporation. Thereupon defendant filed petitions for removal of all the causes of action promoted by those 14 plaintiffs, asserting them to be separable. Proper petitions and bonds were offered. A justice of the state court held: "I am of the opinion that the claims sued upon must be regarded as joint in the sense of that word as used in the cases. The motion to remove to the federal court is therefore denied."

Defendant thereupon procured certified copy of the record in the state court, filed it in the court below, and then moved for the injunction order now complained of, on the ground that the plaintiffs were proceeding to prosecute their cases in the state court, notwithstanding the removal thereof to the United States court.

Order was granted as prayed for, and plaintiffs took this appeal, under Judicial Code, § 129 (Comp. St. § 1121). No motion to remand was ever made.

Dudley F. Phelps and Frank M. Swacker, both of New York City, for appellants.

Humes, Buck & Smith, of New York City (Gordon M. Buck, of New York City, and John R. Bartels, of Brooklyn, N. Y., of counsel), for appellee.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] To a preliminary suggestion of respondent that the law does not permit this appeal, we cannot accede. Admittedly no appeal lies from an order of remand, because Judicial Code, § 28 (Comp. St. § 1010), specifically forbids one, and none from an order refusing remand, because it is not final under Judicial Code, § 128 (Comp. St. § 1120). Since no motion to remand was made herein, it is urged that this appeal from an injunction, which only enforces a removal of assumed validity, is an indirect way of appealing from a refusal to remand.

There is some force in this, for plainly the Supreme Court has vigorously disapproved of attempted indirect review of removal proceedings. In re Pennsylvania Co., 137 U. S. 451, 11 S. Ct. 141, 34 L. Ed. 738; Pacific, etc., Co. v. Oregon, etc., 241 U. S. 440, 36 S. Ct. 637, 60 L. Ed. 1084. And this appeal cannot be decided without passing on the validity of this removal, for, if removal was unlawful, so was the injunction. On the other hand, there was a "hearing in the District Court," which resulted in an "interlocutory order or decree," and by that order "an injunction is granted," and under such circumstances Judicial Code, § 129 (Comp. St. § 1121), specifically grants an appeal. Quite probably this particular kind of appeal was not foreseen, but it is in terms covered, and we think the statute controls.

[2] The objection to removal, which has been argued as if this were a motion to remand, is (1) that no separable controversy exists because a "joint" suit was brought; and (2) the power to remove a separable controversy exists only when there is a plurality of defendants. In the sense that this complaint shows a mechanical joinder in one pleading of several causes of action, the pleading *is* joint. But each cause of action is single, and just as singularly the property

of one plaintiff, as it would have been had such plaintiff sued singly.

This union of causes is of exactly the same kind as has long been common in admiralty, where the members of a crew may unite in one libel to recover their several wages. No one has ever supposed that any joint cause of action was created by such joinder. Nor is this a class suit; there has been one such proceeding, i. e., Southern Pacific Co. v. Bogert, supra; and whether there could be a second, under Supreme Tribe v. Cauble, 255 U. S. 356, 41 S. Ct. 338, 65 L. Ed. 673, need not be asked, for this suit does not pretend to be like the Bogert suit.

Further, the quoted portion of the New York Practice Act does not pretend to make joint causes of action previously separate and single. It permits a joinder only for convenience of trial, and if such union does not promote convenience severance will occur when and as often as convenience dictates. Therefore we find nothing in the form of pleading or nature of the 16 causes of action set forth to prevent a separation of controversies.

[3] But, if it were shown that the Legislature of New York intended by this legislation to make something called a joint cause of action by permitting separate causes belonging to separate individuals to be united in one complaint, then such joinder cannot operate to destroy the jurisdiction of the courts of the United States over such of the separate controversies incorporated in one complaint as exist between citizens of different states. It is for Congress alone, under the Constitution, to declare that jurisdiction. Thus upon reason and authority we conclude that the causes of action removed were not joint.

[4] As to the contention that section 28 means that to remove a severable controversy there must be a plurality of defendants, we do not think it necessary to deal with all the decisions presented at bar. It is true that in State of Missouri v. Chicago, etc., Co. (D. C.) 216 F. 562, it was said upon a motion to remand: "The removal statute contemplates severable controversies in case of two or more defendants. Where parties having severable interests voluntarily join as plaintiffs, the case is not otherwise than it would be if they were compelled to unite. They may exercise their election to declare the cause of action joint."

On the other hand, in State of Idaho v. American Surety Co. (D. C.) 218 F. 678, it was held that, where a single plaintiff brought suit to the use of numerous parties against a single defendant, a separate and severable controversy existed between one of the cestuis que usent and the single defendant, and remand was denied.

[5] The right of removal is substantial, and the present statute secures the right of trial in the national courts of a controversy that is separable in its nature—not of a controversy only with a defendant who severs himself from other defendants. The controversy of each wage-claiming seaman in the admiralty suit we have instanced is in its nature separable from the demand of every other seaman, and the right sought to be preserved by the statute is the right to a trial in the United States court of such a controversy. This is the doctrine set forth in Torrence v. Shedd, 144 U. S. 527, 12 S. Ct. 726, 36 L. Ed. 528, where it was said that to make a controversy separable it must exist wholly between the plaintiff and the defendant seeking to remove, "capable of being finally determined as between them, and complete relief afforded as to the separate cause of action, without the presence of others originally made parties to the suit." This is just as applicable to a multiplicity of plaintiffs suing a single defendant as it is to any other litigation.

Because then there is no effort in the state statute to produce more than a physically convenient joinder of actions, because the causes of action removed are in their nature separable, and because it is beyond the power of the state authority to limit, define or prevent the right of removal, the reason of the matter supports the removal procedure in this case. So far as the Missouri and Idaho cases, supra, are concerned, the quoted language from the Missouri case is but a dictum, to which we cannot agree. The point was squarely presented in the Idaho case, and with the result of that decision we agree. Being of opinion that a series of separable and removable controversies exist, it is admitted that the defendant exercised the right recognized and asserted in Chesapeake & Ohio Co. v. McCabe, 213 U. S. 207, 29 S. Ct. 430, 53 L. Ed. 765, and did not elect to remain in the state court after the judge thereof refused a removal order, but proceeded to file the record in the District Court, and left it to that court to decide the question of removability, and then proceeded by asking the injunction complained of to protect the federal jurisdiction. See, also, Iowa Central R. Co. v. Bacon, 236 U. S. 305, 35 S. Ct. 357, 59 L. Ed. 591, and cf. Shaft v. Phoenix, etc., Co., 67 N. Y. 544, 23 Am. Rep. 138.

[6] Once the right to issue the injunction be granted, there is nothing left of this appeal but a question of discretion. Considering the history of this litigation, we think the discretion was well exercised.

Order affirmed, with costs.