CRAY, McFAWN & CO. v. HEGARTY, CONROY & CO., Inc., et al.

No. 402.

Circuit Court of Appeals, Second Circuit.

Aug. 10, 1936.

Spence, Hopkins, Walser & Hotchkiss, of New York City (Kenneth E. Walser, Henry G. Hotchkiss, and Thomas S. Hale, all · of New · York City, of counsel), for complainant-appellant.

Mack, McCauley, Spiegelberg & Gallagher, of New York City (George A. Spiegelberg, of New York City, of counsel), for defendant-appellee Hegarty, Conroy & Co., Inc.

Simpson, Thacher & Bartlett, of New York City (Robert H. O'Brien and Walter E. Beer, Jr., both of New York City, of counsel), for appellee Atlas Corporation.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This suit was removed by the defendant Atlas Corporation (hereinafter referred to as Atlas) on the ground that there was a separable controversy between the complainant and that corporation. When Atlas filed its petition and bond for removal in the New York Supreme Court, Justice Shientag declined to approve the bond on the ground that there was no separable controversy. Atlas filed the petition and bond with the clerk of the state court. A certified copy of the record in the state court was filed with the clerk of the United States District Court for the Southern District of New York. A few weeks thereafter the complainant moved in the state court to examine Hegarty, Conroy & Co., Inc. (hereinafter called Hegarty). Thereupon the defendants obtained from the District Court an order to show cause why the complainant Cray, McFawn & Co. should not be enjoined from proceeding in the suit in the state court. Judge Coxe made an order granting the injunction and also denied a motion by the complainant to remand the cause. The complainant has appealed from the order granting the injunction which, in our opinion, was a proper order.

The first question that arises is whether the separability of the controversy, and hence the removability of the cause can be reviewed on this appeal. The appellees say that they cannot be because the District Court denied the motion to remand and its decision can only be reviewed on appeal from a final judgment. It is true that the order denying the motion to remand could not be directly attacked on appeal because it was interlocutory. 28 U.S.C. § 225, 28 U.S.C.A. § 225. But an appeal is specially provided from an interlocutory order granting an injunction. 28 U.S.C. § 227, 28 U.S.C.A. § 227. Accordingly it would seem inevitable that upon an appeal from such an order as the one before us, grounded as it was on a decision of the court that the cause had been properly removed, we have a right to consider the basis of that order. There are, however, authorities in which the order denying a motion to remand has been treated as of rare sanctity, potent "semper ubique ab omnibus," unless reversed on an appeal from a final decree. Why the validity of an order of re-moval, if made without jurisdiction, cannot be questioned on an appeal from an injunction, specifically allowed by statute, we cannot imagine.

In Young v. Southern Pac. Co., 15 F.(2d) 280, where the situation was like the present, except that there had been no motion to remand, we held that an appeal would lie because definitely allowed by 28 U.S.C. § 227, 28 U.S.C.A. § 227. Hough, J., said at page 281 of 15 F.(2d): "And this appeal cannot be decided without passing on the validity of this removal, for, if removal was unlawful, so was the injunction."

In Madisonville Traction Company v. St. Bernard Mining Company, 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462, a condemnation proceeding was removed to the United States court and an ancillary bill was filed to enjoin the state court from proceeding. An injunction was granted and on appeal from the order allowing it the Supreme Court considered at length whether the removal was justified. Although there was no discussion in the opinion of the point that the court was without power to pass on whether the cause was removable, it is significant that a court always careful to observe the limits of its appellate jurisdiction should have taken that jurisdiction for granted.

In Lake Street El. R. Co. v. Farmers' Loan & Trust Co., 77 F. 769, 773 (C.C.A.7), there was a removal, a motion to remand which was denied, and an injunction to prevent further action in the state court. While the Circuit Court of Appeals did not finally decide the question whether the order of removal was valid, it discussed the matter and said that it had "no doubt that it was within the power of the circuit court to determine for itself whether the case had been properly removed, and that, on this appeal from the order dissolving the injunction granted by the state court, the same question is involved." Compare Goldwyn Pictures Corporation v. Howells Sales Co., 287 F. 100, 102 (C.C.A.2). There, Judge Hough, citing Lake Street El. R. Co. v. Farmers' Loan & Trust Co., supra, remarked that: "On such appeals our power to review cannot be 'hampered or restricted by any prior ruling of the trial court, * * * though made in an order from which a direct

appeal is not allowed, especially where such ruling relates to the jurisdiction of the court.'"

Three decisions are cited which seem to be contrary to the view we have expressed. McCabe v. Guaranty Trust Co., 243 F. 845 (C.C.A.2); Mestre v. Russell & Co., 279 F. 44 (C.C.A.1); Dillinger v. Chicago, B. & Q. R. Co., 19 F.(2d) 196 (C.C.A.8). In each of them injunctions were granted in suits ancillary to actions at law which had been removed from state courts and in which motions to remand had been denied. The injunctions restrained further proceedings in the state courts and appeals were taken from the restraining orders. In all three cases the courts treated the orders denying the motions to remand as conclusively determining whether the causes were removable until appeals from final judgments were had. The chief, if not the sole, ground of decision in the McCabe Case, followed in the two subsequent cases, was that jurisdiction over the principal action could not be questioned in an ancillary suit. This we do not conceive to be the rule when the basis for objecting to the injunction was adequate; if it was improper because of lack of jurisdiction to retain the case in the District Court, it was void and might be disregarded. It is necessary to determine which view is correct in order to make any intelligent disposition of the appeal. Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496, 53 S.Ct. 721, 77 L.Ed. 1331; Fauntleroy v. Lum, 210 U.S. 230, 237, 28 S.Ct. 641, 52 L. Ed. 1039.

It is provided in 28 U.S.C. § 71, 28 U.S.C.A. § 71, that there can be no appeal from an order remanding a case to a state court, but there is no similar provision relating to appeals from refusals to remand and no declared policy against a review of such refusals. Only the fact that the denial of the motion to remand was interlocutory prevented a direct appeal from that order, and we can see no reason why a consideration of its validity should not be had on an appeal from the order enjoining action in the state court.

Our decision in McCabe v. Guaranty Trust Co., 243 F. 845, may be technically distinguished from that in Young v. Southern Pac. Co. (C.C.A.) 15 F.(2d) 280, on the ground that in the former there was an ancillary bill to restrain proceedings that might be taken in the state court after the removal of the original action at law. But such a distinction, based as it must be on whether the original cause of action is at law or in equity, seems to us both unreal and undesirable. Indeed, we regard a determination by an appellate court of the validity of an order of removal on an appeal from an injunctive order as most advantageous in preventing the expense and waste which would ensue should the order denying the motion to remand prove to have been erroneous.

We hold Young v. Southern Pac. Co., 15 F.(2d) 280, to be controlling and we regard our former decision in McCabe v. Guaranty Trust Co., 243 F. 845, as not only essentially inconsistent with the Young Case but as a decision to which we should not adhere in the future.

For the foregoing reasons the validity of the order of removal is open for consideration on this appeal. Its validity depends on whether there was here a separable controversy. In our opinion the controversy was separable.

The bill of complaint alleges that the complainant Hegarty and two other concerns which were not made parties to this suit were interested in the joint acquisition of certain stock of Mueller Brass Company and in options thereon and bonds thereof; that on July 19, 1935, they agreed to use their joint efforts to acquire these securities for their joint profit and Hegarty agreed to procure the necessary capital to finance the enterprise and to take the securities and options in its own name for the benefit of the joint adventurers. It was also alleged that the complainant should pay for and have a 20 per cent. interest, that the other parties were to have specified percentages, and that complainant collaborated with them to acquire the securities and options. The complaint further alleges that Hegarty contracted for 40,000 shares of common stock of Mueller Brass Company, 54,200 options on such stock, and $630,000 convertible 5 per cent. bonds thereof but, in violation of its agreement with complainant, agreed with the defendant Atlas to sell it the entire issue of $630,000 bonds and also to assign to it all the foregoing option rights. This contract with Atlas is alleged to have been made by Hegarty without complainant's knowledge and in order to divert profits which would ac-

crue upon the latter's 20 per cent. interest, but with full knowledge on the part of Atlas of that interest. Finally, it is alleged that the contracts made by Hegarty to acquire the stock, options, and bonds were closed, that Hegarty acquired the 40,000 shares of stock and Atlas the options on 54,200 shares and the $630,000 5 per cent. convertible bonds, that complainant has demanded from defendants 20 per. cent. thereof, and the demand has not been complied with, except that Hegarty offered 5,000 shares of stock at $14.75 per share in full satisfaction of its interest. There is no allegation that complainant has ever offered to pay for 20 per cent. of the securities. Nevertheless, the complaint states, at subdivision 21, that: "By reason of the facts aforesaid plaintiff became and is entitled to 20% of the stock, options on stock and First Mortgage Five Year Convertible Bonds of said Mueller Brass Co. received by defendants, and defendants have unlawfully converted said 20% of said stock, options and First Mortgage Five Year Convertible Bonds to which plaintiff became entitled as aforesaid."

The prayer for relief is: (1) That defendants render an account of the securities received by them arising out of the joint adventure; (2) that defendants deliver to complainant all securities received, and in default thereof pay a sum of money equal to their value; (3) that they account for all profits; (4) that they be restrained from conveying or mortgaging any of the property which complainant is entitled to receive; (5) that a receiver be appointed.

It is quite immaterial whether, as the complainant-appellant seems to argue, an equitable conversion by the defendants of the latter's beneficial interest is alleged. The primary cause of action is for the *return* of 20 per cent. of the diverted securities. In so far as these securities are possessed by Atlas, the cause of action against it for their return can be asserted against it only, and is wholly separable from the cause of action for the return by Hegarty of the shares it may have. The former is concerned with the $630,000 bonds and the options on 54,200 shares; the latter with the 40,000 shares of stock. The fact that an accounting is asked for does not make the two causes of action for a return of securities inseparable. Hudson v. Texas Gulf Sulphur Co. (C.C.A.) 72 F.(2d) 251; Venner v. Southern Pac. Co. (C.C.A.) 279 F. 832. Nor does the alternative prayer for money damages have that effect.

Order affirmed.