**POLYPLASTICS, INC., Plaintiff, Appellant,**

v.

**TRANSCONEX, INC., Defendant, Appellee.**

No. 82–1906.

United States Court of Appeals, First Circuit.

Argued June 7, 1983.

Decided Aug. 3, 1983.

Edelmiro Salas Garcia, Hato Rey, P.R., for plaintiff, appellant.

Gino Negretti Lavergne, Hato Rey, P.R., with whom Doval, Munoz, Acevedo, Otero & Trias, Hato Rey, P.R., was on brief, for defendant, appellee.

Before COFFIN and BREYER, Circuit Judges, and SKINNER,* District Judge.

* Of the District of Massachusetts, sitting by designation.

COFFIN, Circuit Judge.

The dispositive jurisdictional question raised by this appeal is whether, when a case is removed to federal court and the court both denies remand and issues a "protective" order to the state (here, the Commonwealth of Puerto Rico) court to refrain from further proceedings, we have jurisdiction over an interlocutory appeal. Despite considerable case law holding there is jurisdiction, logic and strong policy reasons persuade us that no interlocutory review should be recognized.

## I. Background

Polyplastics is a Puerto Rico corporation with offices in Humacao, Puerto Rico. Transconex is a Florida corporation with main offices in Miami, Florida. The crux of this litigation is Polyplastics' claim that Transconex failed to deliver a trailer. Polyplastics sues for the cost of the trailer, expenses, and damages. The present appeal comes in the second of two suits brought by Polyplastics against Transconex. Both were begun in Puerto Rico Superior Court, Humacao Part.

Polyplastics' first suit, against Transconex alone, was removed to federal district court on March 29, 1982 on Transconex's petition.[1] On May 24, 1982, the suit was dismissed without prejudice for inactivity.

Polyplastics filed a new action in Puerto Rico court some three-and-a-half weeks later, this time naming two additional defendants: Maria E. Rios, a Transconex employee, and the "John Doe Insurance Co.", on the theory that the insurance company was "equally responsible for the damages done" and that Rios had made "false representations ... regarding that said insurance company will pay the damages done". Both Rios and the insurance company are alleged to be co-citizens of Puerto Rico with plaintiff.

On July 15, 1982, Transconex petitioned for removal of the new suit, claiming that diversity of citizenship remained because

1. Transconex alleged two bases for removal in its petition: diversity of citizenship, 28 U.S.C. § 1332, and, on the theory that the suit was "maritime" in nature, admiralty. *Id.* § 1333(1).

the insurance company was only a "nominal" defendant, and because Rios had been fraudulently joined as a device to defeat removal on diversity grounds. Notwithstanding this petition, Polyplastics then sought a default judgment against Rios in Puerto Rico court, and judgment was entered by the clerk of the Humacao superior court on August 3. On August 11, Transconex moved the district court for an order in protection of jurisdiction against further local proceedings. On August 30, Polyplastics countered with a motion to dismiss or remand for lack of federal jurisdiction. A hearing on both motions was held September 17, at which time Polyplastics was temporarily stayed from taking any further action in Puerto Rico court pending the district court's decision. On November 9, the district court issued the decision appealed here, ordering the case removed, denying the motion to dismiss or remand, and directing the Puerto Rico Superior Court, Humacao Part, "to refrain from any further proceedings in this case".

## II. Appeal on Final Decision Theory

■ Polyplastics claims that the district court's order was a final decision appealable as of right under 28 U.S.C. § 1291. In support of this proposition, Polyplastics cites *Stoll v. Hawkeye Casualty Co.,* 185 F.2d 96 (8th Cir.1950). While its precise theory of finality is somewhat unclear, Polyplastics argues that because Maria Rios did not join in the removal petition, the claim against her remained in Puerto Rico court. From this premise, Polyplastics concludes that the district court's anti-suit order "destroyed" its claim against Rios in Puerto Rico court. We disagree.

First, *Stoll* is a weak reed on the issue of finality. Although the *Stoll* court allowed

review of removability on interlocutory appeal of an anti-suit order, the issue of appealability does not appear to have been raised, and the court's opinion does not specify under what section of the judicial code review was granted. Thus, even if *Stoll* is good authority for appealability on other grounds (and we do not believe it is), it offers little support for appealability as a final decision under 28 U.S.C. § 1291.

Second, although a finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant, *see* 1A J. Moore, Moore's Federal Practice ¶ 0.161[2] at nn. 5, 6, even a dismissal of the claim against Rios would not be immediately appealable as a final decision without entry of a separate judgment under Fed.R. Civ.P. 54(b).

■ Finally, Polyplastics' premise—that the claim against Rios remained in Humacao court—is simply incorrect. A party fraudulently joined to defeat removal need not join in a removal petition, and is disregarded in determining diversity of citizenship. *See* 1A J. Moore, Moore's Federal Practice ¶¶ 0.161[1.–1] at nn. 23 & 25, 0.161[2], 0.168[3.–2–2]. Removal, moreover, extends to the "case" or "action"—i.e., to the *whole* case and all parties and claims. *See* 28 U.S.C. §§ 1441 (removal of "civil action"), 1446(a) ("civil action"), 1446(e) (state court to proceed no further when "civil action" is removed unless and until "case" is remanded).[2]

The real issue, however, is not whether the district court's anti-suit order was appealable as a final decision under section 1291, but whether it is appealable in the absence of a final decision as an interlocutory injunction under 28 U.S.C. § 1292(a)(1).[3]

---

**2.** As for the other parts of the district court's order—the order of removal and the denial of remand—neither is appealable alone on any theory, and Polyplastics makes no claim to the contrary. *See Chicago, Rock I. & Pac. R. Co. v. Stude,* 346 U.S. 574, 578, 74 S.Ct. 290, 293, 98 L.Ed. 317 (1954) *and authorities cited thereat* (denial of remand not final or appealable if standing alone); *Brough v. United Steelworkers of America,* 437 F.2d 748, 749 (1st Cir.1971)

(denial of remand is nonappealable interlocutory order).

**3.** Section 1292(a)(1) provides as follows:
"(a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:
(1) Interlocutory orders of the district courts of the United States ..., or of the judges thereof, granting, continuing, modifying, re-

Since a considerable body of precedent exists on this question, we look first to the cases.

### III. Interlocutory Appealability of Anti-Suit Order

Older cases (including one of our own) engage in some Solomonic baby-splitting, holding that anti-suit orders in removed cases are reviewable on an interlocutory basis, but only on issues other than the propriety of removal. In other words, whether, for example, the court properly balanced the equities could be reviewed, but whether the case was properly removed could not be reviewed, even though improper removal would ultimately require dissolution of the anti-suit order on appeal from final judgment. *See Mestre v. Russel & Co.,* 279 F. 44 (1st Cir.1922) (per Bingham, J.); *accord, Dillinger v. Chicago, Burlington & Quincy R. Co.,* 19 F.2d 196 (8th Cir.1927), *overruled,* 162 F.2d 87 (8th Cir.1947); *McCabe v. Guaranty Trust Co. of New York,* 243 F. 845 (1917), *overruled,* 85 F.2d 516 (2d Cir.1936). The theory of these cases is that the request for an anti-suit order is "ancillary" to the main action, and that jurisdiction in the main action cannot be reviewed in an ancillary proceeding:

> "When the removal papers were filed in the District Court of the United States, that court was vested with authority to determine whether the cause was properly removed ..., and its subsequent decree, in passing upon the motion to remand, determined that the cause was properly removed. It is true that was not a final decree, and may or may not be reversed upon an appeal after final decree is entered in the court below in the original cause; but its validity cannot be inquired into here in this ancillary proceeding." *Mestre v. Russel,* 279 F. at 46.

Other authorities, some recent (including ourselves), reject this reasoning and hold that removal is reviewable on interlocutory appeal of an anti-suit order. *Federal Deposit Insurance Corp. v. Santiago Plaza,* 598 F.2d 634, 636 & n. 1 (1st Cir.1979) (per curiam); *Cray, McFawn & Co. v. Hegarty, Conroy & Co.,* 85 F.2d 516, 517 (2d Cir.1936) (per Augustus Hand, J., joined by Learned Hand and Manton, JJ.), *overruling McCabe v. Guaranty Trust Co., supra; Young v. Southern Pacific Co.,* 15 F.2d 280, 281 (2d Cir.1926); *Peters v. Standard Oil Co. of Texas,* 174 F.2d 162, 164 (5th Cir.1949); *Johnson v. Butler Bros.,* 162 F.2d 87, 88 (8th Cir.1947); *Morgan v. Kroger Grocery & Baking Co.,* 96 F.2d 470, 472 (8th Cir.1938), *overruling Dillinger v. Chicago, Burlington & Quincy R. Co., supra; Albi v. Street & Smith Publications, Inc.,* 140 F.2d 310, 311 & n. 1 (9th Cir.1944); *Willoughby v. Sinclair Oil & Gas Co.,* 188 F.2d 902, 904 (10th Cir.1951); 9 J. Moore, Moore's Federal Practice ¶ 110.20[1] at n. 21. *See also Codex Corp. v. Milgo Electronics Corp.,* 553 F.2d 735, 737 (1st Cir.1977) (appeal from the denial of an anti-suit order in one of two related suits in different federal district courts) ("[T]he denial of an injunction against suit in another forum is appealable as of right, 28 U.S.C. § 1292(a)....").

Numerous as they are, however, we find serious flaws in these cases' premises and reasoning. Of our own cases, neither *Santiago Plaza* nor *Codex* mentions, much less distinguishes or overrules *Mestre,* and both are at least arguably distinguishable from the present case. In *Codex,* the issue was not removal from state court, but a motion to dismiss, stay or transfer related litigation pending in another federal court—a situation to which different legal principles apply. *See infra* note 5. In *Santiago Plaza,* appeal was taken from an order against state proceedings entered after the district court had already granted remand to Puerto Rico court and after the Puerto Rico court had resumed jurisdiction in the case—acts which left the district court without jurisdiction to reconsider. *See In re La Providencia Development Corp.,* 406 F.2d 251, 252–53 (1st Cir.1969); 1A J. Moore, Moore's Federal Practice ¶ 0.169[2.–1] at n. 45 *and authorities cited therein.* Although

---

fusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except

where a direct review may be had in the Supreme Court[.]"

we found the order appealable under 28 U.S.C. § 1292(a)(1), our opinion emphasized the peculiarities of the case and specifically identified an alternative basis of jurisdiction—mandamus. *Santiago Plaza, supra,* 598 F.2d at 636, *citing In re La Providencia Development Corp., supra,* in which we held explicitly that district court action in a remanded case is appropriate for mandamus.

Of the cases from other circuits, many, like our own decisions in *Codex* and *Santiago Plaza,* are conclusory, *e.g., Albi v. Street & Smith Publications, Inc.; Johnson v. Butler Brothers; Willoughby v. Sinclair Oil Co.,* while at least one either failed to notice any jurisdictional issue or took the point for granted without so much as a citation. *Peters v. Standard Oil Co. of Texas.* The rest all rely heavily on a mechanical application of the literal language of the interlocutory appeals statute, with little discussion of its policies or of the peculiar nature of removal procedure. Those that discuss policy at all are unpersuasive and, if anything, cut against interlocutory review.

In *Young v. Southern Pacific Co.,* 15 F.2d at 281, the court acknowledged the "vigorous[ ]" policy against indirect review of removal proceedings and even speculated that "[q]uite probably" review of the sort sought here "was not foreseen" by Congress when it enacted the interlocutory appeals statute. In *Borden Co. v. Zumwalt,* 120 F.2d 69, 72 (9th Cir.1941), the Ninth Circuit described the *Young* court's observation as "rather an understatement". In *Morgan v. Kroger Grocery & Baking Co.,* the court conceded that the appeal was "somewhat unusual, in that the question of the removability of a cause is generally presented by motion to remand, the ruling on which is reviewable upon appeal from the final judgment". 96 F.2d at 472.

In *Cray, McFawn & Co. v. Hegarty, Conroy & Co.,* the court noted that the removal statute completely forbids review of orders granting remand to state court, but does not similarly prohibit review of orders denying remand. From this the court concluded that removability could be reviewed on interlocutory appeal of a protective order against further state suit. The problem with this reasoning is that reviewability does not mean *interlocutory* reviewability. Although there is, as *Cray* asserts, "no declared policy against a review of . . . refusals [to remand]", there is a strong, declared Congressional policy against *interlocutory* review in all but narrowly limited and specifically enumerated circumstances.[4] *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); 9 J. Moore, Moore's Federal Practice ¶ 110.16.

The last authority cited in support of interlocutory review—Professor Moore's treatise—does no more than state the proposition, without offering a reason in its support.

Although these authorities now seem to us an inadequate basis for sound doctrine, we are at the same time persuaded that *Mestre* and the older cases do not offer a wholly viable alternative. Although we have never overruled or questioned *Mestre* directly, its reasoning is formalistic and relies on a distinction—between primary and ancillary proceedings—that was rendered largely obsolete by the merger of law and equity in the Federal Rules of Civil Procedure in 1938. In addition, it seems anomalous to deny interlocutory review of the crucial underlying issue of removability, but nonetheless to allow interlocutory review of other aspects of the anti-suit order. Both *Mestre* and more recent cases, moreover, are premised on the assumption that an order against further state proceedings in a removed suit is an "injunction" for purposes

---

4. The court in *Cray, McFawn & Co.* also relied on *Madisonville Traction Co. v. St. Bernard Mining Co.,* 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462 (1905), in which the Supreme Court entertained an appeal from an anti-suit injunction in which removal was in issue. The issue of interlocutory appealability, however, was not mentioned, and we do not believe that the case can be taken to have decided so important a jurisdictional question sub silentio. As the *Cray* court itself conceded, "there was no discussion in the [Supreme Court's] opinion of the point that the court was without power to pass on whether the cause was removable". 85 F.2d at 517.

of interlocutory review under 28 U.S.C. § 1292(a)(1). Analysis persuades us, however, that this assumption is untenable.

■ In form, the district court's order against further proceedings in Humacao Superior court may be an injunction, but not every order in the form°of an injunction is an injunction for purposes of interlocutory appeal under 28 U.S.C. § 1292(a)(1). *See* 9 J. Moore, Moore's Federal Practice ¶ 110.-20[1] at 233–35 *and authorities cited therein.* Although 28 U.S.C. § 1292(a)(1) confers immediate appealability broadly on "[i]nterlocutory orders of the district courts ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions", an order is as a general rule appealable as an injunction only where it grants part or all of the ultimate relief sought by the suit. *See id.* at 232–33; *id.* ¶ 110.16. Applying this principle to the instant order, it is evident that the order was not an injunction for purposes of 28 U.S.C. § 1292(a)(1).

In addition, removal under 28 U.S.C. § 1446(e) is automatically "effect[ed]" when the removal petition is filed, bond is posted, notice is sent to adverse parties, and a copy of the petition is sent to the clerk of the relevant state court. Removal thus occurs without any action by the district court. Second, section 1446(e) automatically stays state proceedings when removal is effected, again without the action by the district court:

> "Promptly after the filing of [the] petition for the removal of a civil action and bond the defendant ... shall give written notice thereof to all adverse parties and shall file a copy of the petition with the clerk of such State court *which shall effect the removal and the State court shall proceed not further unless and until*

the case is remanded." (Emphasis added.)

Insofar as the district court's order referred to removal and a stay of local proceedings, it was essentially declaratory of the statute, merely repeating what the statute itself had already automatically effected.

Finally, the statute has been held to render post-removal proceedings in state court in the removed case void *ab initio. E.D. Systems Corp. v. Southwestern Bell Telephone,* 674 F.2d 453, 458 (5th Cir.1982); *Arango v. Guzman Travel Advisers Corp.,* 621 F.2d 1371, 1374, 1375 (5th Cir.1980); 1A J. Moore, Moore's Federal Practice ¶ 0.168[3.-8—4] at 632 & n. 10. The district court's order thus deprived Polyplastics of nothing, because any action taken by the Puerto Rico court after removal was effected was a nullity anyway, with or without the order against further proceedings.[5] If removal and the denial of remand are not immediately appealable in themselves, we see no reason of substance why an order which goes no further than these latter acts should be accorded "injunction" status and immediate appealability under 28 U.S.C. § 1292(a)(1). In light of the underlying policies on interlocutory appeals, it seems anomalous to reward a recalcitrant plaintiff with the opportunity to take an immediate appeal as of right on the issue of removability, when an obedient plaintiff must wait for final judgment to gain review on the same issue.

We do not lightly depart from the body of authority in support of interlocutory review here. Logic and policy, however, lead us to a different conclusion from these other cases, and we are mindful that limitations on our jurisdiction cannot be abrogated by precedent of even large number and long duration.

---

**5.** The automatic nullification of proceedings distinguishes removal "injunctions" from anti-suit orders in such settings as inter-district transfer or interpleader, 28 U.S.C. §§ 1404, 2361, or from an order against prosecution of a second suit filed in state court after a first suit has been removed, for such suits are not automatically stayed. An injunction against further suit in such settings is thus more than declaratory of a statutory *fait accompli,* and may deprive a party of a substantial right he might otherwise possess. Our holding here is for this reason restricted to orders against further proceedings in state court in a removed suit, and carries no implication as to anti-suit orders in other settings.

*The appeal is therefore dismissed for want of appellate jurisdiction. Costs to appellees.*