**ALPHA BIOMEDICAL AND DIAGNOSTIC CORP., Cruz A. Ruiz, Plaintiffs,**

**v.**

**PHILIPS MEDICAL SYSTEMS NETHERLAND BV, Philips Medical Systems Puerto Rico, Inc. and Ismael Jaras, Defendants.**

**Civil No. 11–1379 (FAB).**

United States District Court, D. Puerto Rico.

Nov. 21, 2011.

Rafael Escalera–Rodriguez, Amelia Caicedo–Santiago, Reichard & Escalera, San Juan, PR, for Plaintiffs.

Jaime A. Torrens–Davila, Pedro J. Santa–Sanchez, Eric Perez–Ochoa, Adsuar Muniz Goyco Seda & Perez–Ochoa PSC, San Juan, PR, for Defendants.

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is the Report and Recommendation ("R & R"), (Docket No. 65), regarding plaintiffs Alpha Biomedical and Diagnostic Corp. and Cruz A. Ruiz's (collectively, "plaintiffs") motion to remand to state court, (Docket No. 14.) Having considered the magistrate judge's recommendations, plaintiffs' objections and defendants' opposition to plaintiff's objections,

(Docket Nos. 67 & 71), the Court **ADOPTS** the R & R, (Docket No. 65.)

## DISCUSSION

### I. Background

#### A. Procedural Background

On April 11, 2011, plaintiffs filed a civil action in the Puerto Rico Court of First Instance pursuant to the Puerto Rico Dealer's Act, also known as Puerto Rico Law 75, P.R. Laws Ann. tit. 10, § 278. In their complaint, plaintiffs request injunctive relief, damages, costs, and attorneys' fees against defendants Philips Medical Systems Nederland B.V.[1] ("Philips Nederland"), Philips Medical Systems Puerto Rico ("Philips PR") and Ismael Jaras ("Jaras"), the Regional Director of Philips PR. Specifically, plaintiffs asked for relief against defendants Philips PR and Jaras for tortious interference with contract and defamation. On that same date, plaintiffs also filed a motion seeking provisional and preliminary injunctive relief pursuant to article 3–A of Puerto Rico Law 75, P.R. Laws Ann. tit. 10, § 278b–1, and Rule 57 of the Puerto Rico Rules of Civil Procedure.

On April 20, 2011, defendants Philips Nederland, Philips PR and Jaras removed the case to federal court, alleging that the non-diverse defendants—Philips PR and Jaras-had been fraudulently joined for the purpose of defeating diversity and that the only real defendant was the diverse Philips Nederland. (Docket No. 1.) On April 21, 2011, plaintiffs filed an emergency motion to extend the operation of a state court temporary restraining order ("TRO"). (Docket No. 6.) The Court denied the emergency motion without prejudice on April 25, 2011. (Docket No. 10.) The state court TRO expired by its own terms. (*See* Docket No. 12.)

On April 25, 2011, plaintiffs filed a motion to remand the case to state court, arguing that defendants have failed to carry the extremely heavy burden of showing fraudulent joinder. (Docket No. 14.) On May 4, 2011, defendants Philips Nederland, Philips PR and Jaras opposed plaintiffs' motion to remand. (Docket No. 22.) On that same date, defendants Philips Nederland, Philips PR and Jaras also moved to dismiss for insufficient service of process and pursuant to the arbitration clause. (Docket No. 24.) On May 10, 2011, plaintiffs moved again for a TRO, (Docket No. 28), and moved the court to hold in abeyance defendants Philips Nederland, Philips PR and Jaras's motion to dismiss pending a decision on the issue of remand. (Docket No. 30.)

On September 30, 2011, pursuant to a referral order issued by the Court, Magistrate Judge Silvia Carreño–Coll filed a R & R, recommending that plaintiffs' motion to remand to state court be **GRANTED.** (*See* Docket Nos. 61 & 65.) The magistrate judge also recommends that no attorneys' fees should be awarded to the plaintiffs because defendants Philips Nederland, Philips PR and Jaras did not lack an objectively reasonable basis for removal. (Docket No. 65.) Additionally, the magistrate judge finds that the remaining motions pending before the court, Docket Nos. 17, 24 and 28, would be mooted by the remand and should accordingly be terminated. *Id.*

The magistrate judge finds that the First Circuit Court of Appeals has not articulated a precise standard for deciding fraudulent joinder cases and that most oth-

---

1. Sued, apparently incorrectly, as Philips Medical Systems Netherland BV. (*See* Docket Nos. 1 at p. 1; 20–1.)

er courts in this district considering fraudulent joinder allegations have followed the Fifth Circuit Court of Appeals. (Docket No. 65 at pp. 2–3.) The magistrate judge also finds that only the second prong of the Fifth Circuit's test—whether plaintiffs failed to state a cause of action against the non-diverse parties—is applicable to show fraudulent joinder in this case. *Id.* at 3. Applying the Fifth Circuit's test, the magistrate judge finds (1) that plaintiffs fail to state a claim for tortious interference against the non-diverse defendants, and therefore, that defendants were correct in one of their primary arguments for removal; (2) that plaintiffs validly state a claim for defamation against the non-diverse defendants, and that the case should therefore be remanded to state court.

On October 12, 2011, plaintiffs filed a partial objection to the R & R, arguing that the magistrate judge erroneously concluded that plaintiffs fail to state a claim of tortious interference against Philips PR. (Docket No. 67 at p. 4.) Thus, plaintiffs argue that they should receive attorneys' fees for defendants Philips Nederland, Philips PR and Jaras's alleged frivolous removal. *Id.* at pp. 4–5. On October 31, 2011, defendants Philips Nederland, Philips PR and Jaras filed an opposition to plaintiffs' partial objection to the R & R. (Docket No. 71.)

## II. Legal Analysis

### A. Standard under 28 U.S.C. § 636(b)(1)

A district court may refer a case to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. *See* 28 U.S.C. § 636(b)(1).

A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop,* 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (citing *United States v. Raddatz,* 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule precludes further review. *See Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992). In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a), (b)(1). *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. *See Hernandez–Mejias v. General Elec.,* 428 F.Supp.2d 4, 6 (D.P.R.2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility,* 334 F.Supp.2d 114, 125–126 (D.R.I. 2004)).

### B. Plaintiffs' Objections Regarding The Tortious Interference Claim

Plaintiffs specifically object to the magistrate judge's conclusion that plaintiffs fail to state a claim for tortious interference under Puerto Rico law. (Docket No. 67 at p. 4.) They argue that in their complaint, (*see* Docket No. 1), they have properly pled that there was a contract—a verbal distribution agreement—in effect and that Philips PR tortiously interfered with that contract. (Docket No. 67 at pp. 4–6.) Furthermore, they argue that there is no need for a written contract between the parties in order to trigger the application of the Puerto Rico Dealer's Act under

Puerto Rico Law 75, P.R. Laws Ann. tit. 10, § 278(b). *Id.* at p. 5.

■ Having examined the factual allegations in the complaint, the Court finds plaintiffs' argument unpersuasive. (*See* Docket No. 1.) To establish a tortious interference claim, plaintiffs need to show: 1) the existence of a contract; 2) that the interfering party acted with intent and knowledge of the existence of a contract; 3) that plaintiff suffered damages; and 4) that there exists a causal link between the injury and the interfering party's actions. *New Commc'n Wireless Servs. v. Sprint-Com, Inc.,* 287 F.3d 1, 9 (1st Cir.2002) (citing *Gen. Office Prods. Corp. v. A.M. Capen's Sons, Inc.,* 15 P.R. Off. Trans. 727, 734, 115 D.P.R. 553 (1984)). Regarding the first element requiring the existence of a contract, the Supreme Court of Puerto Rico has stated that a fixed time period in the contract is essential to a tortious interference claim. *A.M. Capen's Co., Inc. v. Am. Trading & Prod. Corp.,* 200 F.Supp.2d 34, 43 (D.P.R.2002) (discussing how the Supreme Court of Puerto Rico in *Dolphin Int'l of P.R. v. Ryder Truck Lines,* 127 P.R. Dec. 869, 882–83, 1991 WL 735928 (P.R. Jan. 31, 1991), explains that there can be no tortious interference when the contract at issue has no expiration date and is terminable at will); *see also Leopoldo Fontanillas, Inc. v. Luis Ayala Colón Sucrs., Inc.,* 283 F.Supp.2d 579, 588 (D.P.R.2003) (where there was no alleged term of duration and the alleged agreements were terminable at will, no contract right to continue a business relationship existed, and no action for damages for tortious interference existed). Furthermore, the Supreme Court of Puerto Rico has specified that if what is affected is a "mere expectancy or a profitable financial relationship," an action for tortious interference cannot lie. *Dolphin Int'l,* 127 P.R. Dec. at 882–83 (internal citation omitted).

■ Plaintiffs allege that Philips PR interfered with a contract between defendant Philips Nederland and plaintiff Alpha. Even if plaintiffs' pleading were to be interpreted as alleging that there was an oral contract in effect at the time of the alleged interference, they do not show a fixed time period for the agreement or that the alleged agreement was not terminable at will. Plaintiffs has pled the following: for nine years, plaintiff Alpha acted as a distributor for defendant Philips Nederland. (Docket No. 20–1 at ¶ 6.) That distribution contract ended effective December 31, 2010, but it was informally continued pursuant to a verbal agreement. (Docket No. 20–1 at ¶¶ 12–14.) Defendant Philips PR allegedly interfered with this verbal contract by sending letters to plaintiff Alpha's clients in early March 2011, claiming that plaintiff Alpha's relationship with defendant Philips Nederland had ceased in December 2010. Plaintiffs provide letters dated March 2 and March 9, 2011 as proof of this interference. (Docket No. 20–1 at pp. 21, 23.) Plaintiffs fail to specify, however, the fixed period of time of the verbal agreement between plaintiff Alpha and defendant Philips Nederland or that the verbal agreement was not terminable at will. Rather, they state only that "On March 2011, Philips Netherland [sic] unilaterally finished its verbal agreement for distribution with Alpha and began to hinder the delivery to it of sophisticated medical equipment ..." (Docket No. 20–1 at ¶ 18.) Furthermore, as the magistrate judge found in her R & R, plaintiffs' complaint seems to suggest that the alleged interference occurred *after* defendant Philips Nederland terminated the agreement because plaintiffs' discussion about the alleged interference is in the paragraph immediately after the paragraph about termination of the original written contract in December 2010. (Docket Nos. 65 at 5;

20–1, ¶¶ 18–19.) Therefore, even if plaintiffs alleged that a verbal contract existed at the time of the alleged interference, they fail to specify a fixed termination date for its verbal agreement or that the agreement was not terminable at will.

### C. Plaintiffs' Objections Regarding Attorneys' Fees

Plaintiffs also specifically object to the magistrate judge's recommendation that no attorneys' fees should be awarded to plaintiffs under 28 U.S.C. § 1447(c), arguing that defendants Philips Nederland, Philips PR and Jaras lacked an objectively reasonable basis for removal. (Docket No. 67 at 4–6.) The Court finds plaintiffs' argument unpersuasive here as well.

 Under the "American Rule", parties ordinarily bear all of their costs of litigation. *Mullane v. Chambers,* 333 F.3d 322, 337–38 (1st Cir.2003). Attorneys' fees may be awarded, however, when a court determines that a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons," or when the relevant statute specifically authorizes the court to award attorneys' fees. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); *Mullane,* 333 F.3d at 337–38. The removal statute, the relevant statute in this case, provides that, "[a]n order remanding the case [to the state court from which it was removed] may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Thus, the Court is statutorily authorized to award attorneys' fees if it determines the award to be appropriate. The Supreme Court has held, however, that "courts may award attorney fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

 Defendants Philips Nederland, Philips PR and Jaras removed based on fraudulent joinder, arguing that both of plaintiffs' claims against the non-diverse defendants were invalid because plaintiffs failed to state a claim for tortious interference and for defamation. (*See* Docket No. 1.) The Court finds that plaintiffs' tortious interference claim was invalid but that plaintiffs' defamation claim was valid. Thus, as the magistrate judge found, defendants were correct in one of their two primary arguments for removal and, therefore, had an objectively reasonable basis for removal. (Docket No. 65 at 10.) Because defendants had an objectively reasonable basis for removing the case to federal court, it would be inappropriate for the Court to award attorneys' fees to plaintiffs.

### III. Conclusion

The Court has made an independent examination of the entire record in this case, including plaintiffs' objection to the R & R and defendants' opposition to plaintiffs' objection to the R & R, and **ADOPTS** the magistrate judge's findings and recommendations as the opinion of this Court. Accordingly, plaintiff Alpha's motion to remand to state court is **GRANTED** and no attorneys' fees will be awarded to plaintiffs. Judgment shall be entered accordingly.

The remaining motions pending before the court, Dockets Nos. 17, 24 and 28, are mooted by the remand and accordingly are terminated.

**IT IS SO ORDERED.**

### REPORT AND RECOMMENDATION

SILVIA CARREÑO–COLL, United States Magistrate Judge.

This action was initially filed in the Puerto Rican courts and subsequently re-

moved to federal court. Docket No. 1. Alpha Biomedical and Diagnostic Corp. ("Alpha") and its president, Cruz Ruiz, then filed an emergency motion to extend the operation of a state court temporary restraining order, Docket No. 6, which was denied without prejudice, Docket No. 10, and the state court TRO expired by its own terms. *See* Docket No. 12. Plaintiffs then filed a motion to remand the case to state court, Docket No. 14, which the Defendants opposed, Docket No. 22. Defendants also moved to dismiss for insufficient service of process and pursuant to the arbitration clause. Docket No. 24. Plaintiffs then again moved for a TRO, Docket No. 28, and moved the court to hold in abeyance the Defendants' motion to dismiss pending a decision on the issue of remand, Docket No. 30. The presiding district judge referred the case to this court for reports and recommendations on these various motions.

Because it goes to the court's jurisdiction over this case, we will address the question of removability first.

### I. Fraudulent Joinder

Plaintiffs, Puerto Rican citizens, filed suit in the Puerto Rico Court of First Instance, naming as defendants Philips Medical Systems Nederland B.V.[1] ("Philips Nederland"), a Netherlands-based corporation, as well as Philips Medical Systems Puerto Rico ("Philips PR") and Ismael Jaras, both citizens of Puerto Rico. Docket No. 20–1, ¶¶ 1–5. Thus, the parties lacked complete diversity, and the case was not on its face removable. 28 U.S.C. § 1441; *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005). Nonetheless, Defendants sought removal by alleging that the non-diverse

defendants—Philips PR and Jaras—had been fraudulently joined for the purpose of defeating diversity and that the only real defendant was the diverse Philips Nederland. Docket No. 1. As such, Defendants argue, removal is proper.

Fraudulent joinder is the joining, by a plaintiff, of defendants, against whom the plaintiff does not seek to secure a judgment, for the sole purpose of defeating diversity. *See Mills v. Allegiance Healthcare Corp.*, 178 F.Supp.2d 1, 4 (D.Mass.2001). In this sense, the doctrine is meant to "ensure that removal procedure is fairly applied." *See Linnin v. Michielsens*, 372 F.Supp.2d 811, 817 (E.D.Va.2005) (mem. op.). While the First Circuit has never articulated a precise standard for deciding fraudulent joinder cases, *see Mills*, 178 F.Supp.2d at 4–5, it has noted that "a finding of fraudulent joinder bears an implicit finding that the plaintiff has failed to state a cause of action against the fraudulently joined defendant." *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir.1983). In light of this direction, other courts in this district considering fraudulent joinder allegations have tended to follow the Fifth Circuit. *See, e.g., Renaissance Mktg., Inc. v. Monitronics Int'l, Inc.*, 606 F.Supp.2d 201 (D.P.R.2009) (following *Smith v. Petsmart, Inc.*, 278 Fed.Appx. 377, 379 (5th Cir.2008)); *Figueroa v. BASF Corp.*, No. 05–1317(CCC), 2006 WL 2456407, *1–2, 2006 U.S. Dist. LEXIS 59911, *4–5 (D.P.R. Aug. 18, 2006) (following *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir.2003)).

The Fifth Circuit has held that to prove fraudulent joinder a defendant must show that either (1) there was actual fraud in the pleading of jurisdictional facts,

---

1. Sued, apparently incorrectly, as Philips Medical Systems Netherland BV. Docket Nos. 1, at 1; 20–1.

or (2) the plaintiff is unable to establish a cause of action against the non-diverse party in state court. *Larroquette v. Cardinal Health 200, Inc.,* 466 F.3d 373, 376 (5th Cir.2006). Here, there are no allegations of fraud in the pleading of jurisdictional facts, and we are concerned only with the second prong of the Fifth Circuit's test: whether Plaintiffs complaint failed to state a cause of action against the non-diverse parties. In this situation, the Fifth Circuit "ordinarily conduct[s] a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether, under state law, the complaint states a claim against the in-state defendant." *Id.*[2] However, a court may, at its discretion, look at summary judgment type evidence, *see Larroquette,* 466 F.3d at 376, and must resolve all factual and legal ambiguities in favor of the plaintiff. *See Figueroa,* 2006 WL 2456407, at \*1–2, 2006 U.S. Dist. LEXIS 59911, at \*5. Thus, while some courts in this district have suggested that a defendant alleging fraudulent joinder bears a particularly heavy burden,[3] it seems simplest to treat the inquiry as a modified version of a motion to dismiss, asking whether the state court complaint states a plausible claim under Rule 8(a)(2).

## A. The Non–Diverse Defendants

Plaintiffs ask for relief against Philips PR and Jaras for tortious interference with contract and defamation. It is therefore necessary to examine the complaint and the contours of the Puerto Rican law on which the causes of action are based

and determine whether a valid claim has been stated against the non-diverse defendants. If either of the two claims has been sufficiently stated under Rule 8(a)(2), the case must be remanded to state court.

## B. Tortious Interference

A plaintiff alleging tortious interference with contract under Puerto Rican law, P.R. Laws Ann. tit. 31, § 5141, must show: (1) that a contract exists, (2) that the defendant interfered with that contract, (3) fault on the part of the defendant, (4) damage to the plaintiff, and (5) a nexus between the defendant's fault and the plaintiff's damage. *New Comm Wireless Servs. v. SprintCom, Inc.,* 287 F.3d 1, 9 (1st Cir. 2002) (citing *Gen. Office Prods. Corp. v. A.M. Capen's Sons, Inc.,* 15 P.R. Offic. Trans. 727, 734, 115 D.P.R. 553 (1984)). The fault element requires that the defendant's interference be intentional and with knowledge of the contract's existence— that is, the defendant must have "intended to interfere with the contract, knowing that this interference would cause injury to the plaintiff." *Id.* at 10 (citing *Figueroa v. Walgreens of San Patricio, Inc.,* 155 P.R. Dec. 560 (2001)).

Plaintiffs' complaint fails to state a claim for tortious interference. Philips PR allegedly interfered with a contract between Philips Nederland and Alpha in March 2011, but Plaintiffs fail to plead that there was a contract in effect at the time of that interference. What is plead is this: for nine years, Alpha acted as a distributor for

---

**2.** But *see Hartley v. CSX Transp. Inc.,* 187 F.3d 422, 424 (4th Cir.1999) ("The party alleging fraudulent joinder bears a heavy burden.... Th[e] standard is even more favorable to the plaints than the standard for ruling on a motion to dismiss under Rule 12(b)(6).").

**3.** *See e.g., Renaissance Mktg., Inc. v. Monitronics Int'l, Inc.,* 606 F.Supp.2d 201, 208 (D.P.R.

2009) ("[A] defendant seeking to prove that a co-defendant was fraudulently joined bears an extremely heavy burden."); *see also* E. Farish Percy, *Making a Federal Case of It: Removing Civil Cases to Federal Court Based on Fraudulent Joinder,* 91 Iowa L. Rev. 189, 216–20 (2005) (explaining that federal circuit courts currently apply an array of tests in fraudulent joinder cases).

Philips Nederland. Docket No. 20–1, ¶ 6. That distribution contract was terminated effective December 31, 2010, Docket No. 20–1, ¶ 12, but it was informally continued pursuant to a verbal agreement, Docket No. 20–1, ¶ 14. Philips PR allegedly interfered with this verbal contract by sending letters to Alpha's clients in early March 2011 claiming that Alpha's relationship with Philips Nederland had ceased in December 2010. Docket No. 20–1, ¶ 19. As proof of this interference, Plaintiffs point to letters dated March 2 and 9, 2011. Docket No. 20–1, at 21, 23. Problematically for their claim, however, Plaintiffs fail to specify the alleged termination date of the verbal contract between Alpha and Philips Nederland, pleading, instead, that it was terminated "[o]n March 2011." Docket No. 20–1, ¶ 18. It is unclear whether the word "on" is a typo—perhaps Plaintiffs meant "in"—or whether the precise date the contract is alleged to have been terminated was left out due to an omission. Either way, the complaint's wording and structure suggests that the alleged interference occurred *after* Philips Nederland terminated the verbal agreement: it is in the paragraph immediately after the paragraph about termination that Plaintiffs allege Philips PR sent the tortious letters to Alpha's clients. Docket No. 20–1, ¶¶ 18–19. But, of course, if the contract between Alpha and Philips Nederland had terminated prior to the time Philips PR sent the letters, even if that termination was the result of a breach on the part of Philips Nederland, then Philips PR could not have interfered with that contract, which had ceased to exist.

Thus, because Plaintiffs failed to allege that contract existed at the time of the alleged interference, they have failed to state a claim for tortious interference.

### C. Defamation

 Under Puerto Rican law, defamation actions can be premised on several statutory bases. *See, e.g.,* P.R. Const. art. II, § 8; P.R. Laws Ann. tit. 31, § 5141; P.R. Laws Ann. tit. 32, §§ 3141–49. Regardless of the source, however, the law of defamation in Puerto Rico follows the common law tradition. *See Aponte v. Calderon,* 284 F.3d 184, 197 (1st Cir.2002) ("[T]he Puerto Rico Supreme Court has explicitly said that Puerto Rico libel and slander law follows the common law tradition." (citing *Villanueva v. Hernandez Class,* 28 P.R. Offic. Trans. 618 (1991))). A plaintiff alleging a defamation claim must therefore show that the defendant "(1) made a false statement, (2) in a negligent manner, (3) causing actual damage to the plaintiff." *Baltodano v. Merck, Sharp & Dohme (I.A.) Corp.,* 637 F.3d 38, 43 (1st Cir.2011). The question, then, is whether Plaintiffs' complaint contained sufficient factual allegations to make out a claim on those elements.

In *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court articulated a two-part test for deciding whether the pleadings in a complaint stated a plausible claim for relief. First, the court must "begin by indentifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth" to which factual pleadings are entitled. *Id.* at 1950. Once such conclusory pleadings are disregarded, the court should look to the well-pleaded factual allegations and, assuming their veracity, "determine whether they plausibly give rise to an entitlement for relief." Thus, the factual allegations included in the complaint "must be enough to raise a right to relief above the speculative level," but they need not amount to "detailed factual allegations." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

 Here, two of Plaintiffs' pleadings are conclusory, and, under *Iqbal* and

*Twombly,* should be disregarded.[4] However, several other paragraphs make well-pleaded factual allegations. Docket No. 20–1, ¶¶ 44–54. In essence, Plaintiffs appear to claim that they were extorted by a Philips employee named Alex Luna, who demanded that Alpha make payments to his personal American Express card. According to Plaintiffs, Alpha notified Philips of Luna's conduct, and as a result an investigation was launched and Luna was terminated. Plaintiffs further allege that, these being the facts, Philips falsely accused Plaintiffs of entering into illegal deals with Luna, causing damage to Alpha's business reputation and its relationship with its clients. All of this amounts to a plausible claim for relief, in that Plaintiffs allege that the non-diverse defendants: (1) made a false statement, i.e., that Alpha had entered into illegal deals with Luna; (2) in a negligent manner, i.e., with knowledge that Alpha had in fact been extorted by Luna and had brought the extortion to defendants' attention; (3) that caused actual damage to the plaintiff, i.e., to Alpha's business relationships.

Defendants make two primary objections to this analysis. First, they argue that Plaintiffs failed to state a claim because their allegations are insufficiently specific in that the complaint does not state (1) whether the alleged statements were written or oral, (2) who made the statements, (3) to whom the statements were made, (4) the content of the statements, (5) or the dates and times the statements were made. Docket No. 1, ¶¶ 18–21. Who made the statements to whom is a question answered by the complaint, if implicitly: Philips or its agents or representatives made the statements, and they made them to Alpha's clients. Docket No. 20–1, ¶¶ 45, 53 (alleging that the "[t]he Philips companies" made false statements that resulted in damage to Alpha's reputation with their clients). Likewise, the alleged statements' content is quite clear from the complaint, as is explained above. As for the precise dates and times the alleged statements were made, that objection asks for factual specificity that is not required in a complaint. *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (noting that complaints do not require "detailed factual allegations"); *see also* 5 Charles A. Wright, et al., *Federal Practice and Procedure* § 1215 (3rd ed. 2004) (noting that while pleadings must contain a statement of circumstances and occurrences, "great generality in the statement of these circumstances will be permitted as long as defendant is given fair notice of what is claimed"); *cf.* Fed.R.Civ.P. 9 (requiring particularity in certain pleadings). Finally, the alleged failure of the Plaintiffs to plead whether the defamatory statements were written or oral fails, first because it is incorrect—Plaintiffs refer multiple times to libel, which is by definition written, *see, e.g.,* Docket No. 20–1, ¶ 44 (alleging that the Philips companies "embarked on a libel campaign")—and second because the possibility that the plaintiff does not know, before discovery, the medium by which defamatory statements were communicated is an insufficient basis on which to dismiss an otherwise well-pleaded defamation claim.

Defendants' second objection is that the allegedly defamatory statements are true. Docket No. 1, ¶ 22;[5] *see Segarra Jimenez*

---

4. Paragraphs 20 and 21 of the complaint state that Philips PR and Jaras "joined in a libel and discredit campaign" against the Plaintiffs and that they knew the falsity of their statements. Docket No. 20–1, ¶¶ 20–21. Both of these pleadings state legal conclusions.

5. The notice of removal, Docket No. 21, contains two paragraphs numbered "22," the first of which is referred to here.

*v. Banco Popular, Inc.*, 421 F.Supp.2d 452, 458 (D.P.R.2006) (noting that only statements that are actually false may create liability for defamation (citing *Villaneuva v. Hernandez Class*, 128 D.P.R. 618, 643 (1991))). Essentially, Defendants argue that the complaint, by admitting that Alpha made some payments to Luna (payments that, in Plaintiffs' telling, appear to be the result of extortion or similar),[6] they automatically admit the truth of the allegedly defamatory accusation made by Defendants, namely that Alpha and Luna engaged jointly in an illegal venture. Docket No. 22, at 24–26. But it's easy to imagine a set of facts that refutes Defendants' objection. For example: Alpha was forced, unwillingly, into dealings with Luna, but Philips, in statements to Alpha's clients, misconstrued the nature of this relationship. Point being that questions about the timing and nature of Luna's relationship with Alpha, and about Defendants' statements regarding that relationship, are disputes of a factual nature that, in this procedural posture, must be resolved in favor of the Plaintiffs. There is no fundamental incompatibility between any of the statements in Plaintiffs' complaint, and the question of whether the alleged defamatory statements were true is not properly addressed at this time.

Plaintiffs, despite failing to state a claim for tortious interference, state a valid claim against the non-diverse defendants for defamation, and the case should therefore be remanded to state court.

Plaintiffs additionally ask for an award of attorneys fees incurred as a result of removal. *See* 28 U.S.C. § 1447(c) (authorizing a court to award attorneys fees in-

curred as a result of removal if the court determines that the case should be remanded to state court). The standard for awarding fees under section 1447(c) "turn[s] on the reasonableness of removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). Thus, fees should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* Here, Defendants removed based on fraudulent joinder, arguing that both of the claims Plaintiffs made against the non-diverse defendants were invalid. Though we believe that one of those claims was in fact valid, and that removal was therefore improper, we also find that one of the Plaintiffs' claims failed to meet the Rule 8(a)(2) standard. Defendants were therefore correct in one of their two primary arguments, and for this reason we cannot conclude that they lacked an objectively reasonable basis for removal. *See id.* No fees should be awarded.

## II. Conclusion

For the reasons stated above, I recommend that the motion to remand to state court, Docket No. 14, be GRANTED. The remaining motions pending before the court, Docket Nos. 17, 24, 28, 30, would be mooted by the remand and should accordingly be terminated.

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(2); Local Rule 72(d). Failure to file same within the specified time waives the right to appeal this report

---

6. In fact, Plaintiffs' complaint does not admit to making any payments to Luna. Instead, it alleges that it alerted Philips to "the payments demanded by" him. Docket No. 20–1, ¶ 46. Defendants claim that Plaintiffs did make these payments, Docket No. 1, ¶ 22, but they provide no proof of that fact, and, as discussed below, the fact of payment would not be fatal to Plaintiffs' cause of action in any case.

and recommendation. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–51 (1st Cir. 1994); *United States v. Valencia,* 792 F.2d 4 (1st Cir.1986).